IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**COREY WICKS,**     **PETITIONER**

V.     NO. 2:03CR079-GHD

**UNITED STATES OF AMERICA,**     **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is the Petitioner's, Corey Wicks', Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion and the Government's response, the court finds that further proof is required.

*A. Factual Background*

The record established that Petitioner, along with his codefendants, King and Davis, were involved in a conspiracy to distribute large quantities of marijuana. All Defendants were charged in a two count indictment with conspiracy to possess and distribute marijuana and possession with intent to distribute marijuana. On September 22, 2003, Wicks entered a plea of guilty to both counts. The court, finding that Wicks' plea was knowing, voluntary, and supported by an independent factual basis accepted his plea of guilty. On January 21, 2004, the court overruled objections to the pre-sentence report and sentenced Wicks to 121 months for the conspiracy which included an enhancement under the sentencing guidelines for "a leadership role in the offense" along with a reduction for "acceptance of responsibility." Wicks received 60 months for count two, possession, to run concurrently. No direct appeal was taken from the sentence.

On August 13, 2004, Wicks filed this habeas corpus petition pursuant to 29 U.S.C. § 2255. Wicks did not pursue an appeal because, he contends, his attorney failed to file a notice of appeal as requested. He filed the present motion on August 13, 2004, asserting five grounds for relief.

## B. Discussion

As best as the court can determine each of Wicks' arguments is dependant upon the effectiveness of his counsel. Since each of Wicks's grounds for relief could have been addressed through an appeal, the court must first determine if Wicks' attorney rendered ineffective assistance by failing to perfect an appeal.

The failure to file a notice of appeal is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). When an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78. Instead, the defendant must only demonstrate that there is a reasonable probability that but for counsel's failure, he would have timely appealed. *Id.* at 484, 486.

Because the record obviously contains no evidence of Wicks' alleged request, he shall be afforded the opportunity to present proof at an evidentiary hearing demonstrating that he asked his attorney to perfect an appeal. *See U.S. v. Tapp*, 491 F.3d 263 (5th Cir. 2007) (vacating dismissal of 2255 motion and remanding for evidentiary hearing as to whether defendant requested his counsel file an appeal); *U.S. v. Gavin*, 260 F.3d 623 (5th Cir. 2001).

## C. Conclusion

Disposition of the substantive arguments in Wicks' petition shall be withheld until the conclusion of the evidentiary hearing.

An order consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of November, 2007.

_____
Senior Judge